# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

UNITED STATES OF AMERICA                      PLAINTIFF

vs.                      CRIMINAL ACTION NO. 3:07-CR-36-CRS

RONALD E. JEFFERIES                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of a motion of the defendant, Ronald E. Jefferies ("Jefferies"), *pro se*, for compassionate release. DN 469. The United States responded, objecting to the motion, and filed a motion for leave to file a sealed attachment to its response. DN 471; DN 473. The matter is ripe for review.

The World Health Organization declared the novel coronavirus known as COVID-19 a pandemic on March 11, 2020.[1] The President of the United States declared a national emergency on March 13, 2020 and the Governor of the Commonwealth of Kentucky declared a state of emergency even earlier, after the first confirmed case of COVID-19 on March 6, 2020.[2] As of the date of this writing, there are 33,722,075 confirmed cases worldwide and 1,009,270 deaths; in the United States, there are 7,115,491 confirmed cases and 204,642 deaths.[3] Further elaboration concerning the health risks associated with COVID-19, especially for those individuals confined to nursing homes or incarcerated in our jails and prisons, is unnecessary. Suffice it to say that the

---

[1] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-openingremarks-at-the-media-briefing-on-covid-19--11-march-2020)

[2] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/; Governor Andy Beshear confirms first case of COVID-19 in the Commonwealth and declares a state of emergency (March 6, 2020), *available at* https://chfs.ky.gov/pages/search.aspx?affiliateId=CHFS&terms=declaration of state of emergency.

[3] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited October 1, 2020).

Court addresses motions for compassionate release, and Jefferies' motion in particular here, with the gravity of the situation in mind.

On April 9, 2009, Jefferies pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. §841(b)(1)(B), and 18 U.S.C. § 2, and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. §841(b)(1)(B), and 18 U.S.C. § 2. DN 236 at 1–2. On July 6, 2009, this Court sentenced Jefferies to 204 months imprisonment and 60 months of supervised release. *Id*. He is currently incarcerated at Petersburg Low FCI in Hopewell, Virginia. DN 473 at 3.

18 U.S.C. § 3582(c)(1)(A) permits a court to modify a term of imprisonment and grant what is known as "compassionate release" for extraordinary and compelling reasons. Prior to December 2018, motions for compassionate release could only be made by the Director of Prisons. However, the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to bring such motions on their own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]"

Jefferies alleges that he submitted a request for compassionate release to the BOP on July 5, 2020 and has not received a response. DN 469 at 2. The United States concedes that, based on communications with the BOP, the Warden has yet to respond to Jefferies' request, and "more than 30 days have lapsed since [Jefferies'] submission to the Warden." DN 473 at 5. Accordingly, Jefferies has satisfied the exhaustion requirement of the First Step Act. *United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *2 (June 2, 2020)("For a prisoner to take his [compassionate

2

release] claim to court, "he must 'fully exhaust[ ] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison." ")

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The court must also consider the "[sentencing] factors set forth in section 3553(a) to the extent they are applicable." § 3582(c)(1)(A).

Congress tasked the Sentencing Commission that, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In the Commentary to U.S.S.G. § 1B1.3,[4] the Commission described four circumstances which constitute extraordinary and compelling reasons for sentence reduction:

> **(A) Medical Condition of the Defendant.--**
>
> **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> **(ii)** The defendant is--
>
> **(I)** suffering from a serious physical or medical condition,
>
> **(II)** suffering from a serious functional or cognitive impairment, or

---

[4] "While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g., United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider." *United States v. McGraw*, No. 202CR00018LJMCMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019).

**(III)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant.--**The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(C) Family Circumstances.--**

**(i)** The death or incapacitation of the caregiver of the defendant's minor child or minor children.

**(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

The BOP promulgated Program Statement No. 5050.50 in order to implement the statutory scheme.

Jefferies argues that he stage three kidney failure and hypertension and "the dangers posed by COVID-19 to [Jefferies] in light of his serious medical conditions and the high likelihood that he will contract COVID-19 if forced to stay at FCI Petersburg during this outbreak are 'extraordinary and compelling reasons' to modify his sentence to home confinement." DN 469 at 4. Jefferies does not allege that any of his health conditions are terminal, thereby making him ineligible for compassionate release under U.S.S.G. § 1B1.3(A).

"A court could find that [a] defendant's medical condition, heightened by risks posed by COVID-19, 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility' and is one 'from which he or she is not expected to recover.'" *United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, 2020 WL 2521273, at *7 (E.D. Tenn., May 13, 2020) (citing 1B1.13 n.1(A)(ii)). Jefferies' medical conditions fail to reach this threshold. First,

4

Jefferies' alleged stage three kidney failure appears to be a self-diagnosis. Based on medical records provided by the United States, Jefferies has not been diagnosed with kidney failure. *See* DN 473-3. According to his most recent clinical encounter, Jefferies has been "concerned about his current renal function" but "he has been seen for this earlier and did not like the explanation." *Id*. at 2. Therefore, based on the record before the Court, it is unclear whether Jefferies has a medical condition that would, in fact, heighten Jefferies' risk for complications if he became infected with COVID-19. Second, Jefferies does not assert that he has received inadequate care for his alleged kidney failure or his hypertension. Rather, he asserts that he has these medical conditions and, considering the COVID-19 pandemic, he should be released. There is no evidence in the record to suggest that Jefferies cannot provide self-care or that he is not expected to recover from his conditions. Accordingly, the record before the Court does not suggest that Jefferies' medical conditions, even if possibly heightened by the risks posed by COVID-19, substantially diminish his ability to provide self-care at Petersburg Low FCI.

Further, Jefferies' request is based on the proposition that an individual with his medical conditions will be safer from COVID-19 if released compared to staying in Petersburg Low FCI. This proposition is without merit. As of the writing of this opinion, Petersburg Low FCI has 819 total inmates, two of which are currently infected with COVID-19, and 157 of which have recovered from the virus.[5] This amounts to approximately .24% positivity rate. In comparison, Kentucky, where Jefferies plans to reside if released, has averaged 748 COVID-19 cases per day over the last week and currently has a 4.07% positivity rate.[6] Petersburg Low FCI's low positivity rate and case count suggest that the BOP has been diligent in its efforts to contain and prevent the

---

[5] *See* https://www.bop.gov/coronavirus/index.jsp (last visited October 1, 2020).
[6] *See* https://www.nytimes.com/interactive/2020/us/kentucky-coronavirus-cases.html; https://govstatus.egov.com/kycovid19 .(last visited October 1, 2020).

spread of the virus within the facility. Accordingly, Jefferies has failed to demonstrate that he is at a higher risk of contracting COVID-19 in Petersburg Low FCI compared to being released.

Jefferies has failed to articulate an extraordinary and compelling reason for compassionate release. For the reasons stated above, his motion will be denied.

Additionally, even when a defendant is statutorily eligible for a sentence reduction based on extraordinary and compelling reasons, compassionate release is only appropriate after consideration of the factors set forth in 18 U.S.C. § 3553(a) and where the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 4142(g). The United States urges that the nature and circumstances of Jefferies' crimes weigh against release. The Court agrees.

Jefferies pleaded guilty to one count of conspiracy to possess with the intent to distribute cocaine, one count of possession with the intent to distribute cocaine base, and one count of possession with the intent to distribute cocaine. DN 236 at 2. And, Jefferies is a repeat, violent, offender. Jefferies previously pleaded guilty to assault in the first degree under extreme emotional disturbance during which he, along with two other individuals, "caused the victim to suffer human bites, stab wounds, and was beat[en] with a pistol." DN 452 at 16. Jefferies has also previously pleaded guilty to trafficking cocaine while in possession of a firearm and being a convicted felon in possession of a firearm. *Id.* Further, the BOP has disciplined Jefferies twice while he has been incarcerated, once for possessing a hazardous tool and once for possessing a dangerous weapon. DN 473-1. Therefore, considering the entirety of these circumstances, there appears a significant possibility that Jefferies may disregard conditions of release and reoffend.

Further, Jefferies states that he intends to "live with his mother, Sharron Ali, at 1633 Cypress St., Louisville, Kentucky." DN 469 at 5. With the dangers posed by the pandemic

impacting the ability of the probation officers to conduct home visits and supervision, it would be exceptionally difficult to adequately and safely monitor the defendant's compliance. The ability to monitor the defendant is clearly a proper consideration when assessing the danger posed by release of an individual, especially where the defendant had prior drug and violent offenses. Considering these circumstances, compassionate release would be improper.

Motion having been made and for the reasons set forth herein and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Ronald E. Jefferies, *pro se*, for compassionate release (DN 469) is **DENIED.** The United States' motion for leave to file a sealed attachment to its response (DN 471) is **GRANTED. IT IS SO ORDERED.**

October 6, 2020

Charles R. Simpson III, Senior Judge
United States District Court